COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPREME JUDICIAL COURT
                                      FOR SUFFOLK COUNTY
                                      NO. BD-2014-042

IN RE: PAUL ALAN MANOFF

MEMORANDUM OF DECISION

This matter came before me on an information and
recommendation of the Board of Bar Overseers (board) that the
respondent be suspended from the practice of law in the
Commonwealth for a period of one year and one day for multiple
instances of neglect of his clients, causing harm to the clients,
and the respondent's failure to cooperate with bar counsel in the
course of the investigation and to comply with an order of
administrative suspension.  See S.J.C. Rule 4:01, § 8(6).  A
hearing committee of the board had recommended that the
respondent be suspended from the practice of law for six months,
with conditions.  Bar counsel initially sought a suspension of
six months and one day, with the additional requirement of a
reinstatement proceeding.  At the hearing before me, bar counsel
accepted the board's recommended sanction.

The respondent does not contest the findings of fact on

which the board's recommendation is based.  Therefore, the sole
question before me is the appropriate sanction to be imposed.
For the reasons explained below, I conclude that the board's
recommendation is correct, and the appropriate sanction is a
suspension from the practice of law in the Commonwealth for one
year and one day, which necessarily will require that the
respondent apply for reinstatement at the end of that period, and
demonstrate to the satisfaction of the board that he is fit to
resume the practice of law.

    1.  <u>Facts</u>.  I summarize the findings of fact adopted by the
board; as stated, the respondent does not contest them.  The
respondent was admitted to the Massachusetts bar on June 11,
1975.  He was administratively suspended from the practice of law
on April 16, 2014, for non-cooperation with bar counsel's
investigation, and has remained suspended since that time.

    The misconduct at issue involved the respondent's neglect of
two client matters, in violation of Mass. R. Prof. C. 1.1,
1.2 (a), and 1.3; failure to communicate with two clients, in
violation of Mass. R. Prof. C. 1.4 (a) and (b); failure to return
the unearned portion of his fee to one client, in violation of
Mass. R. Prof. C. 1.16 (d); failure to comply with an order of
administrative suspension, in violation of Mass. R. Prof.
C. 3.4 (c), 8.4 (d) and (g), and S.J.C. Rule 4:01, § 17; and

misrepresentations to two clients in an effort to conceal his
neglect, in violation of  Mass. R. Prof. C. 8.4 (c).

     a.  <u>Wilson matter</u>.  With respect to the first matter, in
November, 2009, the respondent agreed to represent Antone Wilson
in a wrongful termination action against Wilson's former
employer, the Department of State Police.  Between November,
2009, and June, 2010, Wilson paid the respondent a total of
$7,000 as a retainer.  In December, 2009, the respondent filed a
complaint against Wilson's employer, pursuant to G. L. c. 151B,
in the Superior Court.

     In October, 2011, the State police served interrogatories on
Wilson by mailing them to the respondent.  The respondent failed
to respond within the forty-five day period statutorily provided.
In January, 2012, the State police served a final request for
answers to interrogatories, to which the respondent again failed
to respond.  In February, 2012, the State police filed a motion
to dismiss, to which the respondent again failed to respond.  The
respondent sent opposing counsel Wilson's answers to
interrogatories in March of 2012, but did not inform the court
that he had done so and did not oppose the motion to dismiss.
Later that month, the Superior Court judge entered a judgment
dismissing Wilson's case.  In April, 2012, the respondent served
on opposing counsel a motion for relief from judgment, but failed

to file it in the Superior Court.

Wilson had had difficulty reaching the respondent from December, 2011, through February, 2013, and was unaware that his case had been dismissed, as the respondent intentionally misrepresented to Wilson that the matter was still on-going.  It was not until December, 2013, that the respondent informed Wilson that his case had been dismissed.  In April, 2014, the respondent filed a motion for relief in the Superior Court, and the motion was allowed.  In June, 2014, the State police filed a motion to reconsider, which also was allowed.  Wilson, acting pro se, then filed a motion for reconsideration that was denied as untimely because it had not been filed within one year of the entry of judgment.  By that time, the respondent had been administratively suspended from the practice of law.

Wilson paid the respondent an initial retainer of $5,000 at the beginning of the representation.  After the respondent filed the complaint, Wilson paid him an additional $2,000.  The only work the respondent performed on Wilson's behalf was filing the complaint and his subsequent inadequate filings to rectify the dismissal of the complaint that resulted from his neglect.  The respondent has not refunded Wilson any amount from the $7,000 retainer paid.

b.  <u>DeLouchrey matter</u>.  In September, 2005, DeLouchrey

4

retained the respondent to represent her in connection with a
sexual harassment and retaliation claim against her former
employer. The respondent filed a G. L. c. 151B complaint in the
Superior Court, seeking damages and attorney's fees. The matter
proceeded to trial and a jury found in favor of DeLouchrey; her
employer and her former supervisor were ordered to pay damages
and attorney's fees.

The employer appealed and the Appeals Court affirmed the
judgment, but the respondent failed to provide the court with any
documentation of his fees and costs. Upon receipt of a notice of
rescript from the Appeals Court, the respondent did not file a
motion for execution of judgment and failed to request and record
an execution against the employer's real property. He also
failed to respond to DeLouchrey's inquiries. The employer
ultimately went out of business without paying the judgment.

   c. Administrative suspension. In April, 2014, following
the investigation of the Wilson matter, in the course of which
the respondent failed to respond, without good cause, to
inquiries from bar counsel, bar counsel filed a petition seeking
administrative suspension of the respondent. On April 16, 2014,
this court issued an order of immediate administrative
suspension. To date, the respondent has yet to respond to bar
counsel, and, therefore, has failed to comply with the order of

administrative suspension that he cooperate with bar counsel's
investigation.

2. <u>Discussion</u>.  As stated, the respondent does not dispute
the findings of fact adopted by the board.  The sole question is
the proper disciplinary sanction.  Bar counsel's information
recommended a suspension from the practice of law for six months
and one day, with a requirement of a reinstatement hearing,
whereas the board sought a suspension of one year and one day.
At the hearing before me, bar counsel expressed satisfaction with
a suspension of one year and one day.

a. <u>Standard of review</u>.  "We generally afford substantial
deference to the board's recommended disciplinary sanction."
<u>Matter of Griffith</u>, 440 Mass. 500, 507 (2003).  At the same time,
the disciplinary sanction imposed should not be "markedly
disparate from judgments in comparable cases."  <u>Matter of Foley</u>,
439 Mass. 324, 333 (2003), quoting <u>Matter of Finn</u>, 433 Mass. 418,
422-423 (2001).  The "primary concern in bar discipline cases is
'the effect upon, and perception of, the public and the bar,' and
we must therefore consider, in reviewing the board's recommended
sanction, 'what measure of discipline is necessary to protect the
public and deter other attorneys from the same behavior.'"
<u>Matter of Lupo</u>, 447 Mass. 345, 356 (2006), quoting <u>Matter of</u>
<u>Finnerty</u>, 418 Mass. 821, 829 (1994) and <u>Matter of Concemi</u>, 422

Mass. 326, 329 (1996).  Nonetheless, the "each case must be decided on its own merits and every offending attorney must receive the discipline most appropriate in the circumstances, Matter of Foley, supra, quoting Matter of the Discipline of an Attorney, 392 Mass. 827, 837 (1984).

   b.  Appropriate sanction.  This case presents a combination of different types of misconduct by the respondent, in unrelated client matters.  The respondent neglected two client matters, resulting in significant harm to the clients, failed to communicate with the clients about the status of their matters, despite their requests that he do so, made material misrepresentations to the clients in an effort to conceal his neglect, failed to return the unearned portion of his fee to one client, and failed to comply with an order of administrative suspension.  Although it is therefore challenging to find a precisely comparable case, involving an identical combination of misconduct, "[t]he court 'need not endeavor to find perfectly analogous cases, nor must we concern ourselves with anything less than marked disparity in the sanctions imposed.'"  See Matter of Doyle, 429 Mass. 1019, 1014 (1999), quoting Matter of Hurley, 418 Mass. 649, 655 (1994).  We turn to examination of roughly analogous cases involving neglect of client matters, in combination with other misconduct.

In <u>Matter of Brunelle</u>, 29 Mass. Att'y Disc. R. 62 (2013), an attorney was ordered suspended from the practice of law for six months, with imposition of that suspension stayed for two years, on conditions, for neglecting one client's matter and failing to keep the client accurately informed about the status of her case. The record in that case does not suggest that the respondent failed to comply with an order of administrative suspension or failed to return the unearned portion of his fee.

In <u>Matter of O'Connor</u>, 21 Mass. Att'y Disc. R. 525 (2005), an attorney was suspended for a period of six months for neglecting two client cases and making negligent and intentional misrepresentations as to the status of those cases to his client and to bar counsel. In aggravation, the respondent in that case previously had received an admonition.

In <u>Matter of Scannell</u>, 21 Mass. Att'y Disc. R. 580 (2005), an attorney was suspended from the practice of law for one year and one day for his neglect of three client matters, failure to provide competent representation, failure to act with reasonable diligence, and failure to communicate adequately with his clients about the status of their matters, which caused harm (court ordered sanctions) to one of the clients. In aggravation, the respondent in that case had a history of a public and private reprimands (including for failure to cooperate with bar counsel).

In Matter of Kane, 13 Mass. Att'y Disc. R. 321, 325 (1997),
the board concluded that the proper sanction for neglecting
client interests was a public reprimand.  In that case, the
respondent failed diligently to represent a client and to
communicate adequately with the client.  As the board noted,
however, the client "was not ultimately harmed."

These cases demonstrate that for what may appear to be
similar violations of the same disciplinary rules, varying
sanctions have been imposed depending on the specific
circumstances, from public reprimand, to a six-month suspension,
stayed on conditions, to suspension for one year and one day,
thereby requiring reinstatement proceedings.  Notably, however,
in addition to neglect of client matters, resulting in harm to
the clients, failing to communicate with two clients, making
misrepresentations to those clients, and failure to cooperate
with bar counsel, combinations of misconduct which have warranted
the sanctions discussed above, the respondent's misconduct here
included the failure to return the unearned portion of the
retainer paid by one of his clients.

While that, standing alone, might warrant a public
reprimand, see Matter of Garabedian, 415 Mass. 77 84, 85 (1993),
in conjunction with other misconduct, spending unearned retainer
fees, misuse of retainers, and failure to return the unearned

portion of a retainer, have in some circumstances, in conjunction
with other misconduct, warranted a suspension of one year or one
year and one day.  See, e.g., Matter of Pudlo, 460 Mass. 400
(2011) (one-year suspension, with six months stayed, for failure
to make proper IOLTA accounting, failure to credit accurately all
client retainers paid, commingling client and attorney funds,
withdrawing and spending unearned portions of fees from IOLTA
account, and failing fully to account for expenses incurred where
fees were withdrawn); Matter of Hopwood, 24 Mass. Att'y Disc.
Rep. 354 (2008) (one-year suspension for intentional misuse of
client's retainer, failing to refund the unearned portion of a
retainer, and failing to cooperate with bar counsel); Matter of
Morgan, 17 Mass. Att'y Disc. Rep. 437 (2001) (suspension of one
year and one day for multiple failures to return unearned portion
of retainers, failure to turn over client files, neglecting
client matters, failing to communicate with clients, admission to
criminal misconduct (driving under the influence), and failure to
cooperate with bar counsel); Matter of Okai, 11 Mass. Att'y Disc.
Rep. 185 (1995) (one-year suspension for, among other
disciplinary violations, neglect of client matters,
misrepresentation to clients, commingling of client funds,
spending unearned portions of fees in advance of performing work
for which fees were advanced, failing to refund unearned portions

of fees, and failing to cooperate with bar counsel's
investigation).

In Matter of Sharif, 459 Mass. 558, 568-571 (2011), the full
court explained the reason that retention of unearned retainers
does not warrant the presumption of disbarment or indefinite
suspension that would arise if an attorney intentionally misuses
client funds that the attorney was holding for the client in an
IOLTA account that were never expected to be earned.  The court
noted the difficulty of distinguishing "advance fee retainers"
that belong to the client until earned and "classic retainers"
that are paid to an attorney, after consultation, to ensure that
attorney's future services, and where the attorney is "paid a
reasonable compensation for being so bound."  In that case, the
attorney was suspended for three years, with one year stayed, for
intentional misuse of a client's advance fee and failing to
return the unearned portion of the fee, resulting in deprivation
to the client, in conjunction with multiple instances of
misrepresentations to clients and to bar counsel, and multiple
instances of neglect of client matters and mishandling of client
matters, where, in mitigation, the attorney was suffering from
depression at the time of some of the misconduct.  See id.

The harm to the clients from the respondent's neglect, and
his failure to return the unearned portion of his fee to one

11

client, counsels that a six-month suspension would be
inappropriate in these circumstances. Considered together, the
respondent's multiple types of misconduct require a sanction more
in line with these cases involving misuse of unearned retainers,
in addition to neglect of client matters. Moreover, in
aggravation, the respondent has a history of prior discipline (a
public reprimand) for inadequacies in accounting and
recordkeeping for his IOLTA account, and comingling of client
funds with personal funds in his and his wife's joint bank
account, resulting in negligent and unintentional temporary
misuse of client funds. See Matter of Manoff, 29
Mass. Att'y Disc. R. 421 (2013).

        Taking into account all of the above, I conclude that the
appropriate sanction is a suspension from the practice of law for
one year and one day; a suspension of that length will itself
necessitate that the respondent apply for reinstatement. See
S.J.C. Rule 4:01, § 18(2)(c). This sanction is not markedly
different from the sanctions imposed in similar cases. It takes
into account that the respondent's initial neglect of the client
matters was as a result of carelessness rather than an intent to
cause harm, while at the same time fulfilling the purpose of
protecting the public and the public's view of the bar.

        3. Conclusion. Accordingly, an order shall enter

suspending the respondent from the practice of law in the
Commonwealth for a period of one year and one day.

By the Court

Barbara A. Lenk
Associate Justice

Entered: March 4, 2016

A True Copy
3-4-2016
Date

Assistant Clerk

13